**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2022-0452, <u>John Doe v. Town of Hanover Police Department & a.</u>, the court on November 6, 2024, issued the following order:**

The court has reviewed the written arguments and the record submitted on appeal, has considered the oral arguments of the parties, and has determined to resolve the case by way of this order. <u>See</u> <u>Sup. Ct. R.</u> 20(2). The plaintiff, John Doe, appeals a decision of the Superior Court (<u>MacLeod</u>, J.) granting the defendants', the New Hampshire Attorney General's Office (AGO) and the Town of Hanover Police Department (HPD), motion to dismiss. The plaintiff sought a declaratory judgment removing his name from the Exculpatory Evidence Schedule (EES), asserting that the lapse of time since the underlying incident renders it no longer potentially exculpatory. <u>See</u> RSA 105:13-d (2023). Concluding that the plaintiff's behavior was potentially exculpatory, the trial court dismissed his petition. We vacate and remand.

I.      <u>Background</u>

The following facts are derived from the plaintiff's complaint and accompanying documentation and are assumed to be true for the purposes of this appeal. <u>See</u> <u>Boucher v. Town of Moultonborough</u>, 176 N.H. 271, 272 (2023). More than twenty years ago, the HPD hired the plaintiff to work as a police officer. The HPD's collective bargaining agreement (CBA) with the town provided a stipend to officers who passed a physical agility test. Prior to taking the test, officers had to obtain clearance from a medical provider. In an attempt to secure the stipend, the plaintiff forged his doctor's signature on the medical clearance form. A secretary with the HPD noticed that the signature did not match the same doctor's signature on another form and informed HPD staff about the false signature. During an internal HPD investigation, the plaintiff admitted to forging his doctor's signature. The HPD's police chief sustained the investigation's finding that the plaintiff lied to the HPD and suspended him for two weeks.

Several years later, the plaintiff sought to have the disciplinary action removed from his file pursuant to a clause in the CBA permitting such removal after five years had passed with no further incidents. The town manager approved the request. The plaintiff retired from the HPD after working as an officer for more than fifteen years. After his retirement, the plaintiff's name was placed on the EES because he was identified as having engaged in conduct that could be potentially exculpatory evidence.

Thereafter, the plaintiff petitioned the superior court seeking, inter alia, a declaratory judgment that his name should not be included on the EES. He asserted that the passage of time has made the incident stale. The defendants moved to dismiss, arguing that, because "whether or not particular information is exculpatory will turn on the particular facts and circumstances within each criminal case," it is "all but impossible to categorically declare that an officer's conduct will never be considered exculpatory evidence or will always be irrelevant for impeachment purposes."

In reaching its decision, the trial court noted that "[t]he background supporting the State's disclosure of potentially exculpatory evidence is clear in that it 'is obligated to disclose information favorable to the defendant that is material to either guilt or punishment'"; an obligation that "'arises from a defendant's constitutional right to due process of law, and aims to ensure that defendants receive fair trials.'" (Quoting Duchesne v. Hillsborough County Attorney, 167 N.H. 774, 777 (2015)). Applying that standard, the court reasoned that "forging a signature in order to secure a stipend is probative of the plaintiff's character for truthfulness or untruthfulness, which may be inquired into on cross-examination, because it shows that he has lied."

Looking to the factors relevant to assessing the probative value of evidence under New Hampshire Rule of Evidence 608(b), the court determined that: (1) "the forgery is probative of untruthfulness"; (2) "there is no dispute that the plaintiff engaged in the forgery"; (3) the evidence would "speak to his character if called to be a witness for the prosecution, where he is expected to be truthful"; and (4) evidence of the forgery "could be used to rebut" the plaintiff's testimony should he testify "about not having been disciplined during his career." The court also found that the fact that "the forgery occurred almost 20 years ago and is not likely to be connected to a current or future case," weighed "against finding that the plaintiff's forgery is probative of his character for truthfulness." Nonetheless, because the court could not say that the plaintiff's conduct "would never be potentially exculpatory as being material used for impeaching him as a witness," it granted the defendants' motion to dismiss. The plaintiff unsuccessfully moved for reconsideration. This appeal followed.

II.     Analysis

In reviewing an order granting a motion to dismiss, we assume the truth of the facts as alleged in the plaintiff's pleadings and construe all reasonable inferences in the light most favorable to the plaintiff. Boucher, 176 N.H. at 273. The standard of review in considering a motion to dismiss is whether the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery. Id. This threshold inquiry involves testing the facts alleged in the pleadings against the applicable law. Id. The trial court may also consider documents attached to the plaintiff's pleadings; documents, the authenticity of

2

which is not disputed by the parties; official public records; and documents sufficiently referred to in the complaint. Id. at 273-74. We will uphold the granting of the motion to dismiss if the facts pled do not constitute a basis for legal relief. Id. at 274.

RSA 105:13-d provides that the New Hampshire Department of Justice "may voluntarily maintain" an EES which "shall consist of a list of all current or former law enforcement officers whose personnel information contain potentially exculpatory evidence." RSA 105:13-d, I; see N.H. Ctr. for Pub. Interest Journalism v. N.H. Dep't of Justice, 173 N.H. 648, 651 (2020) (the EES is "a list of police officers who have engaged in misconduct reflecting negatively on their credibility or trustworthiness"). The statute further provides that "the individual's name and corresponding information will become public" unless "a court issues an order finding that the underlying misconduct is not potentially exculpatory" or "[a] court issues an order finding that the law enforcement agency erred in recommending that the officer be placed on the [EES]." RSA 105:13-d, II(d)(1)-(2).

We recently held that "within the context of RSA 105:13-d, 'potentially exculpatory evidence' is evidence, including impeachment evidence, that is reasonably capable of being material to guilt or to punishment." Doe v. N.H. Attorney Gen. (Activity Logs), 176 N.H. ___, ___ (2024), 2024 N.H. 50, ¶18. Although we noted that "the question of whether evidence is appropriate for inclusion on the EES is separate from the question of whether that evidence would be admissible in a criminal proceeding," we explained that "considerations made to determine the admissibility of evidence, such as the age of the conduct and its materiality to an officer's general credibility, should factor into the determination of whether information in an officer's personnel file warrants his or her inclusion on the EES." Id. at ___, 2024 N.H. 50, ¶20. "If there is no reasonably foreseeable case in which 'potentially exculpatory evidence' relating to an officer's conduct would be admissible, due to the passage of a significant length of time or some other factor weighing on the conduct's relevance," an officer's inclusion on the EES would not be warranted. Id. at ___, 2024 N.H. 50, ¶20.

The trial court's decision here preceded our articulation of the applicable standard in Doe (Activity Logs).  Having articulated this new standard, we vacate the trial court's ruling and remand for further proceedings consistent with this order.

Vacated and remanded.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**